Askew v. Ebberts.

Besides, however clear it might appear that the Court below considered that a controlling fact, yet if the respondents can show, or if this Court perceives, that on the findings the decree was correct, the judgment must be affirmed.

None of the errors assigned affect the findings which, as we have above specified, establish the plaintiff's right to recover in this action.

The judgment is therefore affirmed.

---

## ASKEW v. EBBERTS et al.

| 22  | 263 |
|-----|-----|
| 120 | 179 |

| 22  | 263 |
|-----|-----|
| 136 | 450 |

AN action cannot be maintained by the defendant in an execution to recover of the officer the penalty prescribed by Sec. 222 of the Practice Act for selling without proper notice, unless by a sale so made the complainant has been deprived of his property. If the attempted sale is a nullity and passes no title, no injury has been sustained, and no right of action for the forfeiture accrues.

No right of property vests in the purchaser at an execution sale until he pays the purchase money, and until this is done, the sale is not so far perfected as to constitute the foundation of an action to enforce a forfeiture for selling without the prescribed notice.

In an action to enforce a penalty or forfeiture imposed by statute the claim is to be strictly construed.

APPEAL from the Eleventh Judicial District.

The facts are stated in the opinion.

C. A. Tuttle, for Appellant, cited: (Practice Act, Secs. 21–23; Harvey v. Fiske, 9 Cal. 93; Kohler v. Hays, 5 Id. 66; Parks v. Freer, 9 Id. 642; 6 Id. 50.)

Hereford & Williams, for Respondents, argued: 1st, that Sec. 222 did not apply to constables; and, 2d, that plaintiff had sustained no injury by the attempted sale, and therefore was not an aggrieved party to whom alone a right of action is given.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action upon a constable's bond, executed by the defendant Ebberts as principal, and the other defendants as sureties, to recover the sum of five hundred dollars, the penalty or forfeiture under Sec. 222 of the Practice Act. A judgment had been rendered against the appellant, an execution issued thereon which came to the hands of Ebberts, as constable, for service. He levied the execution upon a mining claim, advertised it for sale, and sold it to one Felton for twenty-five dollars. The purchaser did not pay the bid, nor was any certificate issued therefor. The constable, finding that the sale had not been advertised the length of time required by the statute, advertised it again for sale, giving the proper length of notice, and sold the property at such second sale for two hundred and six dollars. These facts appearing by the plaintiff's evidence, the defendants moved for a nonsuit, which was granted. Plaintiff moved for a new trial, which was refused, and he takes this appeal.

The action being to enforce a penalty or forfeiture, the claim is to be strictly construed, and the plaintiff must show clearly that his case comes within the statute imposing the forfeiture. The statute provides that " an officer selling without the notice prescribed by the last section shall forfeit five hundred dollars to the aggrieved party." The party is not injured or " aggrieved " unless it appears that by means of the sale, without notice, he has been deprived of his property. Unless the sale is perfected by a transfer of the title, the debtor has suffered no injury, and is not " aggrieved " within the intent and meaning of the statute. It is the fact that the party has been injured or damaged by the sale of his property by an officer without notice that entitles him to the forfeiture. By the sale complained of in this case, the plaintiff was not injured, as under it his property was not conveyed, or his interest therein divested or affected in any way. Besides, in this case there was no " sale " of the property under the defective notice. Nothing passed by the proceedings—no right in the property was vested in the purchaser until he paid the purchase money, and until then, the sale was not perfected or completed. The Sheriff, if the money was not paid immediately, could without delay resell the property. In this case the purchaser did not pay the purchase money, and

the officer rightfully resold the property, after giving the proper notice. Under this statute the aggrieved party can only recover the forfeiture when the sale has been perfected and completed by, at least, the payment of the purchase money by the purchaser.

The judgment is affirmed.