MATTHEW S. GOODRICH, and another.

*vs.*

CITY OF WATERVILLE.

Kennebec.     Opinion May 21, 1895.

88   39
98   428

*Physicians.   Contract.   Towns.   R. S., c. 3, § 36.*

All persons acting under the employment of town or city officers must take notice at their peril of the extent of the authority of such officers.

When a town or city has already provided for the medical treatment of its sick paupers, by the election of a town or city physician, and he is ready and willing and competent to attend a sick pauper, so that no necessity exists for employing any other, it is undoubtedly the duty of the overseers of the poor to call him, when one of the paupers under their care is sick and in need of medical treatment.

In such a case the overseers have no authority to employ any other; and, if others are employed, they are chargeable with notice that they will have no right to call upon the town or city to compensate them for their services.

It is provided by statute, R. S., c. 3, § 36, that: "No member of a city government shall be interested, directly or indirectly, in any contract entered into by such government while he is a member thereof." *Held,* that one of the plaintiffs being a member of the city council, no action can be maintained to recover for medical services rendered by his firm to a pauper of his city.

It is a contract in which a member of the city government is directly interterested, and for that reason is void by the statue.

AGREED STATEMENT.

This was an action wherein the plaintiffs, M. S. Goodrich and Fred E. Withee, co-partners in the business of physicians and surgeons in Waterville, seek to recover for professional services and medicine, an amount of forty-one dollars and fifty cents, the same having been furnished to a woman pauper of said Waterville. The principal part of the services and medicine were furnished to the pauper by Dr. Withee, he having been first employed to attend the pauper while Dr. Goodrich was away out of the city; but during their employment Doctor Goodrich called upon her once or twice and knew that he and Dr. Withee were rendering her medical attendance on account of the city, at the request of the overseers.

It is admitted that the services were rendered at the request of

the overseers of the poor.   It is also admitted that, at the same time, the city had a city physician who might have been called to treat the patient, but that for some reason the overseers called the plaintiffs, and he was not called as he might have been if the overseers had seen fit to call him.

It is also admitted that Dr. Goodrich was at the time a member of the common council of the City of Waterville.

It was agreed that the plaintiffs were to recover the full amount of the bill, unless the fact that Dr. Goodrich was a member of the city government, at the time these services were rendered, bars the recovery under the statute ; or unless the overseers of the poor exceeded their authority in employing the plaintiffs when the city had a regularly elected city physician.

*W. T. Haines*, for plaintiffs.
*F. W. Clair*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, STROUT, JJ.

WALTON, J.   This is an action to recover for medical attendance upon a pauper.   Payment is resisted upon the ground that the plaintiffs were not legally employed.

It appears that, at the time when the services sued for were rendered, the city had a regularly and legally elected city physician, who was being paid a salary for medical attendance upon all its paupers, and who might have been called to treat the pauper, but that, for some unexplained reason, the overseers of the poor did not see fit to call him, and employed the plaintiffs. It also appears that, at the time of the employment of the plaintiffs, one of them was a member of the city council.   And it is claimed that under these circumstances, the employment of the plaintiffs was unauthorized and illegal.

We think the defense must be sustained.   It is true that overseers of the poor may, when necessary, provide for the medical treatment of the paupers under their care.   But when a town or a city has already provided for the medical treatment of its sick paupers, by the election of a town or city physician, and he is

ready and willing and competent to attend a sick pauper, so that no necessity exists for employing any other, it is undoubtedly the duty of the overseers of the poor to call him, when one of the paupers under their care is sick and in need of medical treatment. And, in such a case, we think they have no authority to employ any other; and, if others are employed, that they are chargeable with notice that they will have no right to call upon the town or city to compensate them for their services. All persons acting under the employment of town or city officers must take notice at their peril of the extent of the authority of such officers.

And, again, it has been wisely enacted that "no member of a city government shall be interested, directly or indirectly, in any contract entered into by such government while he is a member thereof." R. S., c. 3, § 36. And the statute cited declares that all such contracts shall be void. If the employment of the plaintiffs did not create such a contract, then, of course, their action is not maintainable; for such a contract is the cause of action, and the only cause of action declared on. If it did create such a contract, it was one in which a member of the city government was directly interested, and, for that reason, one which the statute cited declares shall be void; and, being thus made void, of course no action can be maintained upon it. We think this, also, is a valid ground of defense. The statute makes no distinction with regard to the character of the contract. It may be to build a city hall or open a street or construct a bridge or take charge of a sick pauper. All are alike illegal and void. The statute makes no distinction.

*Plaintiffs nonsuit.*