(December 8, 1898.)

ADLEMAN v. PIERCE, MAYOR.

[55 Pac. 658.]

CONTRACT BY CITY COUNCIL—ADMINISTRATIVE ACT.—The letting of a contract to do public work by a city council is an administrative, and not a judicial or *quasi* judicial, act.

CERTIORARI—JURISDICTION.—*Certiorari*, denominated writ of review by the Idaho code, will not lie to review the action of a city council in letting a contract to pave a street.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett and John T. Morgan, for Appellant.

The writ of *certiorari* or writ of review is the proper remedy. (See *Orr v. Board of Equalization,* 3 Idaho, 190, 28 Pac. 416; *Dunn v. Sharp,* 4 Idaho, 98, 35 Pac. 842; *Maxwell v. Board of Supervisors,* 53 Cal. 391.) The making of the contract between the city and the said Thomas K. Muir & Co. is not, and was not, authorized by any law relating thereto, and is in ex-

cess of its authority. The following cases are cited to show that the common-law writ of *certiorari* is the proper remedy for illegal or invalid proceedings of a municipal corporation: 4 Ency. of Pl. & Pr. 113 et seq.; *Mace v. Newberg,* 15 How. Pr. 162; *Banton v. Brooklyn,* 7 How. Pr. 198; *Thatcher v. Dusenbury,* 9 How. Pr. 32; *Maores v. Smedley,* 6 Johns. Ch. 26; *Scribner v. Allen,* 12 Minn. 148. A citizen owner and taxpayer in a city may sue out the writ to review the validity of the ordinance authorizing public improvements, and he need not wait until the expenditures have been made and the assessment has been actually levied upon his property. (*State v. Patterson,* 34 N. J. L. 12.) When a review is sought of the proceedings touching municipal improvements, the writ must be directed to the municipal corporation, or to the board or officers who have control of the record, according to the circumstances of the particular case. (4 Ency. of Pl. & Pr. 177; *State v. Milwaukee,* 86 Wis. 376, 57 N. W. 45; *State v. Fon du Lac,* 42 Wis. 287; *People v. Hill,* 65 Barb. 170; *Harris v. Whitney,* 6 How. Pr., 175; 4 Ency. of Pl. & Pr. 179; *In re Tiffany,* 80 Hun, 486, 30 N. Y. Supp. 494; *Commonwealth v. Winthrop,* 10 Mass. 177; 4 Ency. of Pl. & Pr. 186.) The joinder of persons whose rights and interests are separate and distinct is improper, although they aim to a common result, and to save expense, unite in the prosecution of the writ. (4 Ency. of Pl. & Pr. 174; *Morris Canal Co. v. State,* 14 N. J. L. 411; *Libbey v. West St. Paul,* 14 Minn. 248; *Champion v. Minnehaha Co.,* 5 Dak. 416, 4 N. W. 739.)

Kingsbury & Parsons, W. E. Borah and C. C. Cavanah, for Respondents.

The making of a contract has none of the elements of judicial action. (*Quinchard v. Board of Trustees of Alameda,* 113 Cal. 664, 45 Pac. 85.) The function exercised by a municipal corporation may be legislative, administrative or judicial, but only acts done by it when exercising judicial functions can be reviewed under this procedure. This writ does not lie under our laws to review the action of any tribunal, board or officer in the exercise of functions which are legislative in their character. (*People v. Oakland Board of Education,* 55 Cal. 375.) Whether

an existing street shall be improved is a question to be trusted to the governing body of a municipality in its legislative capacity, and its determination of that question, as well as upon the character of the improvement to be made, is a legislative act. (Dillon on Municipal Corporations, secs. 94, 929; *Crayton v. Manson,* 27 Cal. 613; *De Witt v. Duncan,* 46 Cal. 343; *Bolton v. Gilleran,* 105 Cal. 244, 45 Am. St. Rep. 33, 38 Pac. 881; 1 Beach on Public Corporations, sec. 543; *People ex rel. Trustees Village of Jamaica v. Board of Supervisors of Queens County,* 131 N. Y. 468, 30 N. E. 488.) When the action of a public officer or of a public body is merely legislative, executive, or administrative, although it may involve the exercise of discretion, it cannot be reviewed by *certiorari,* and so it has been so often held that the rule has become elementary. (*People v. Mayor,* 2 Hill, 9; *In re Mt. Morris Square,* 2 Hill, 14; *People v. Board of Health,* 33 Barb. 344; *People v. Supervisors of Livingston County,* 43 Barb. 232; affirmed, 34 N. Y. 516; *People v. Walter,* 68 N. Y. 403; *People v. Jones,* 112 N. Y. 597, 20 N. E. 577; *Spring Valley Water Co. v. Bryant,* 52 Cal. 232.)

QUARLES, J.—The common council of Boise City passed, on May 8, 1897, an ordinance requiring the grading, curbing, and paving of Main street from the west curb line of Fifth street to the west line of Tenth street, in said city, and providing that part of the cost thereof should be charged to the abutting landowners. After advertising for bids as required by said ordinance, the council accepted, May 17, 1897, the bid of Thomas K. Muir & Co., and let a contract for the work to said firm. The appellant (one of the abutting owners upon the portion of said street to be paved under said contract) filed on May 24, 1897, in the court below, his petition for a writ of review, for the purpose of reviewing the action of said city council in letting the said contract. An alternative writ was issued, to which return was made by respondents, who moved to quash the writ on divers grounds, one of which was "that the petition for the writ does not state facts sufficient to constitute a cause of action," and another being that the writ would not lie to review the action of the common council complained of, such action

being administrative, and not judicial. The theory of the
plaintiff seems to be that that certain act of the legislature
amending the charter of Boise City, approved February 9, 1897
(Sess. Laws 1897, p. 226), is void, first, because it is special
legislation, and therefore repugnant to the constitution of Idaho;
and, second, for the reason that said act was not passed in the
manner required by section 15, article 3, of the constitution;
that, said act being void, the said ordinance was unauthorized
and void. From these premises plaintiff concludes that the
action of the common council in letting said contract was void,
and in letting said contract the council exceeded its jurisdiction.

The question that confronts us at the outset is one of juris-
diction. Can the courts of this state review the action of a city
council in letting a contract for the making of public improve-
ments? This question is to be determined by the provisions of
our code. Revised Statutes, section 4962, is as follows: "A writ
of review may be granted by any court except a probate or jus-
tice's court, when an inferior tribunal, board, or officer exercis-
ing judicial functions, has exceeded the jurisdiction of such
tribunal, board, or officer, and there is no appeal, nor, in the
judgment of the court, any plain, speedy and adequate remedy."
By the express provisions of the statute the writ lies to review
the action of an inferior tribunal, board, or officer exercising
judicial functions, where such tribunal, board, or officer exceeds
the jurisdiction of such tribunal, board, or officer. The question
of jurisdiction is to be determined by the terms of the statute.
The authorities cited to us from the common law, and from
those states whose statutes are different from ours, have no ap-
plication here, and are entitled to no weight in determining
the question before us. The legislature, having defined the
cases in which the writ will lie, have excluded all other cases.

This brings us to the question: In performing the act com-
plained of (i. e., the letting of the said contract), was the com-
mon council of Boise City exercising a judicial function? We
are compelled to answer this in the negative. None of the acts
complained of were judicial acts. The legislature, in passing
the act amending the charter of Boise City, was exercising a
legislative, and not a judicial, function. The council, in pass-

ing the ordinance complained of, was exercising a legislative, and not a judicial, function. And, in letting the contract complained of, the council was performing an administrative function, and not a judicial one. Neither of said acts complained of was of a judicial or *quasi* judicial nature. The action sought to be reviewed not being either judicial or *quasi* judicial, the the district court properly quashed the alternative writ and dismissed the proceeding. (*State v. Osburn,* 24 Nev. 187, 51 Pac. 837; *Wulzen v. Board,* 101 Cal. 15, 40 Am. St. Rep. 17, 35 Pac. 353.) The judgment appealed from is affirmed, with costs of appeal to the respondents.

Sullivan, C. J., and Huston, J., concur.