(September 15, 1902.)

## NUCKOLS v. LYLE.

[70 Pac. 401.]

SCHOOL TRUSTEE—VOID CONTRACT—HUSBAND AND WIFE.—A contract made with the wife of one member of the board of school trustees, employing her to teach in the school over which such board has supervision, is contrary to public policy, and is void by the terms of the statute, the husband being pecuniarily interested in the contract.

REMEDY—WRIT OF REVIEW—ADMINISTRATIVE ACT—INJUNCTION.—Administrative acts of school boards cannot be reviewed in the courts on proceedings by writ of review, but payment under a void contract made by a board of trustees may be enjoined in an action commenced by any taxpayer of the school district.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

The facts are stated in the opinion.

Charles E. Miller, for Appellant.

This is primarily an action to declare a contract of hiring null and void, and, incidentally, to enjoin carrying out the same, under subdivision 1 of section 4288 of the Revised Statutes of 1887. The remedy adopted by the plaintiff was the proper one. If the board, in exercising judicial functions, had exceeded its jurisdiction, a writ reviewing such action would have been the appropriate remedy. (Rev. Stats. 1887, sec. 4962.) But the making of the contract of employment was purely administrative and did not, in any sense, partake of the judicial character contemplated by the statute. (*Adleman v. Pierce,* 6 Idaho, 294, 55 Pac. 658; *Dunbar v. Board of Commrs. of Canyon County,* 5 Idaho, 407, 49 Pac. 409.) The status of the plaintiff was ample to enable him to bring the action. "The complaint alleges that plaintiff was a resident, a duly qualified citizen and elector and a *bona fide* taxpayer of the said county," and that he was a member of the board. Every citizen and taxpayer of the state has the right to bring the proper suit to determine whether any board or officer has performed his duties as the law requires. (*Orr v. Board of Equalization,* 3 Idaho, 190, 28 Pac. 416; *Dunn v. Sharp,* 4 Idaho, 98, 35 Pac. 842.)

W. W. Woods, for Respondent.

The demurrer to the complaint was general, and if sustained upon any valid ground, the judgment herein should be affirmed. The appellant is shown to be a member of the school board. If the contract he seeks to enjoin was void, he should not have allowed the defendant, Helen L. Young, to proceed under said contract and bestow her service, without immediate steps on his part to prevent, as an officer, such services being rendered, and then enjoin the payment for such services. (1 High on Injunctions, 7.) The remedy of appellant, if any remedy he had, was by writ of review. (2 High on Injunctions, sec. 1311, also secs. 1309, 1321, 1255, which cites *Normand v. Otoe Co.,* 8 Neb. 18, and *Carruthers v. Hartnett,* 67 Tex. 127; *Fitzhugh v. Orton,* 12 Tex. 4; *Musgrove v. Chambers,* 12 Tex. 32; *Smith v. Ryan,* 20 Tex. 661; *Manney v. Hunt,* 36 Tex. 118; *Jordan v. Cooley,* 42 Tex. 284; *Morgan v. Board of Commrs.,* 4 Idaho,

418, 39 Pac. 1118; *Packard v. Board of Commrs.*, 2 Colo. 338; *Lawrence v. Leidigh*, 58 Kan. 676, 50 Pac. 889; 16 Am. & Eng. Ency. of Law, 377, and notes; *Texas-Mexican R. Co. v. Wright*, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200.)

QUARLES, C. J.—This action was commenced by the appellant, who was at the time a member of the board of trustees for school district No. 15 in Shoshone county, to enjoin the payment of salary to the respondent Helen L. Young—compensation to her as teacher under a contract made with her by a majority of the said board. The complaint shows that the said board of trustees consisted of the appellant, Anderson W. Nuckols, James Lyle, and Orville R. Young, husband of said Helen L. Young; that on September 1, 1900, said James Lyle and Orville R. Young, constituting a majority of said board, made and entered into a contract with the said Helen L. Young employing her to teach the school in said school district, at the stated compensation of seventy dollars per month, for the school year beginning September 1, 1900; that immediately thereafter said Helen L. Young entered upon the duties of such teacher; that the compensation so agreed upon will be, if collected, the community property of said Orville R. and Helen L. Young; that said contract was made over the protest of appellant; and that the same is void because the said trustee, Orville R. Young, is interested financially in said contract. The respondents demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and which demurrer was sustained by the court. The appellant elected to stand on his complaint, and judgment was entered in favor of respondents, dismissing the action, from which appellant has appealed. The said complaint was filed in the district court on the sixth day of October, 1900, and it is also alleged therein that the salary for the month of September, 1900, had become due by the terms of the contract; and appellant asked for a temporary injunction restraining the said board from allowing and paying the claim, and restraining the respondent Horace M. Davenport, as county auditor, from issuing a warrant therefor.

Appellant contends that the said contract was void, and relies upon the principle that public policy forbids a member of any official board from being financially interested in any contract made by the board, and upon the provisions of section 45 of the act of February 6, 1899, which expressly provides that "no trustee shall be pecuniarily interested in any contract made by the board of trustees of which he is a member, and any contract made in violation of this section is null and void." (See Sess. Laws 1899, p. 96.) Touching the validity of said contract, only one question is necessary to be determined: Was the husband of Mrs. Young pecuniarily interested in the contract? We think he was. Under the laws of this state the earnings of the wife constitute a part of the community property. The husband has the control and management of the community property, and he may use it and is part owner in it, and hence is pecuniarily interested in it. The said contract was, by the terms of the said statute, null and void. We have other statutes prohibiting contracts of this kind. (See Rev. Stats., secs. 365-367.)

It is contended by respondents that the appellant had no authority to commence the action—was not a proper party to the action. We cannot agree with this contention. The complaint shows that he is a taxpayer of the county and school district; hence, he could commence and prosecute this action.

It is contended that the remedy, if any, was by writ of review to review the action of the board of trustees in entering into said contract. This contention cannot be sustained. The action of the board was an administrative act, and such as could not be reviewed by the court on writ of review. (See *Adleman v. Pierce,* 6 Idaho, 294, 55 Pac. 658.)

It is also contended that the suit was not commenced in time. The appellant proceeded with reasonable diligence. The contract was made over his protest September 1st, and he commenced this action the fifth day of the following month, and before the contract price, or any thereof, had been paid. The contract was void, and the appellant, or any taxpayer affected by its payment, could sue to enjoin the payment thereof.

The demurrer should have been overruled. The judgment is reversed, and the cause remanded, with instructions to the district court to set aside the order sustaining the said demurrer and to enter an order overruling the same, and for further proceedings consistent with this opinion. Cost of appeal awarded to appellant.

Sullivan and Stockslager, JJ., concur.