(December 8, 1908.)

## INDEPENDENT SCHOOL DISTRICT No. 5 ex rel. FRANK L. MOORE and J. C. RICHCREEK, Respondents, v. JOSEPH R. COLLINS, Appellant.

[98 Pac. 857.]

SCHOOL DISTRICT—CONSTRUCTION OF STATUTE—BOARD OF TRUSTEES— PAYMENT OF MONEY ON VOID CONTRACT—REFUSAL BY BOARD TO BRING ACTION—RIGHT OF TAXPAYER—ALLEGATIONS OF COMPLAINT.

1. Statutes in their nature penal should not be extended by construction beyond their natural meaning.

2. The clear intention of the provisions of sec. 82, of our school laws, as amended by the Session Laws of 1905, p. 71, was to prohibit a trustee from making a contract with his district in which he is pecuniarily interested.

3. The penalty or prohibition in said section is that no action can be maintained or recovery had against the district on such contracts; but that does not change the rule to the effect that money paid by a municipal corporation upon a void contract may be recovered back.

4. The rule that neither party to a transaction will be permitted to take advantage of its validity while retaining its benefits, applies only to voidable contracts and not to contracts of a municipal corporation that are absolutely void.

5. Under the provisions of said sec. 82, school trustees are prohibited from having any interest in any contract let or made by or with the board of trustees of such district or with any officer thereof, and in case such a contract is made, the same is void and no action can be maintained or recovery had in favor of the district upon any such contract or obligation. This rule is founded

in public policy, and is a salutary one to prevent the risk of abuses in the public service.

6. Where a municipal corporation has paid money on a void contract and the properly constituted authorities of such corporation refuse to bring an action to recover back the money so illegally paid, an action therefor on behalf of the corporation may be maintained by any taxpayer thereof.

7. Where an action is brought under the provisions of said sec. 82, to recover money paid on a void contract, the complaint must allege that such contract was made with the defendant during the time that such defendant was a member of the board of trustees of the district.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for the County of Latah. Hon. Edgar C. Steele, Judge.

Action to recover money alleged to have been paid on a void contract by a school district to one of its trustees. Judgment for plaintiff. *Reversed.*

Orland & Smith, for Appellant.

The statute upon which the action is based is in its nature penal, as it provides for a forfeiture, and should not be extended by construction beyond its natural meaning. (Black, Interpretation of Laws, pp. 242, 243, 292, 293; *Askew v. Ebberts,* 22 Cal. 263.)

The plaintiffs, in order to recover, must allege every fact to bring them within the provisions of the statute, or the complaint will be demurrable. (*County of Bingham v. Woodin,* 6 Ida. 284, 55 Pac. 662; *Trumpler v. Bemerly,* 39 Cal. 490.) When the district received the articles of merchandise and paid for them it was a completely executed contract, and no action would lie to recover back the money even by a municipal or a quasi-municipal corporation. (*United States v. McKnight,* 8 Otto, 179, 25 L. ed. 115; *Elliott v. Swartwout,* 10 Pet. 138, 9 L. ed. 374; *Village of Pillager v. Hewett,* 98 Minn. 265, 107 N. W. 815; *Farmer v. City of St. Paul,* 65 Minn. 176, 67 N. W. 991, 33 L. R. A. 199; *Brown v. City of Atchison,* 39 Kan. 37, 7 Am. St. Rep. 515, 17 Pac. 465;

*Argenti v. San Francisco,* 16 Cal. 256; *Village of Knopf,* 199 Ill. 444, 65 N. E. 322; *Frick v. Brinkley,* 61 Ark. 397, 33 S. W. 527.)   Neither party to a transaction will be permitted to take advantage of its invalidity while retaining the benefits. (*Union G. M. Co. v. Rocky Mountain N. Bk.,* 96 U. S. 640, 24 L. ed. 649; *Whitney Arms Co. v. Barlow,* 63 N. Y. 64, 20 Am. Rep. 504; *Memphis & L. R. R. Co. v. Dow,* 19 Fed. 389; *Brown v. Atchison,* 39 Kan. 37, 7 Am. St. Rep. 524, 17 Pac. 465.)   This law was not intended to be used for the purpose of allowing school districts to obtain something for nothing, and while no action may be maintained under this act when a party is brought within its provisions, it does not prevent a recovery upon an implied promise.   (*Capital Gas Co. v. Young,* 109 Cal. 140, 41 Pac. 869, 29 L. R. A. 463; *Turner v. Cruzen,* 70 Iowa, 202, 30 N. W. 483; *Call Pub. Co. v. City of Lincoln,* 29 Neb. 149, 45 N. W. 245; *City of Concordia v. Hagaman,* 1 Kan. App. 35, 41 Pac. 133; *Currie v. School Dist.,* 35 Minn. 163, 27 N. W. 922.)

The plaintiff has no legal capacity to sue by the provisions of sec. 4090, Rev. Stat.   (Pomeroy's Code Remedies, 3d ed., sec. 142.)   The right of the taxpayer to protect the public treasury is by enjoining the payment, and they have not the right to maintain an action to recover money already paid, in jurisdictions where that is permitted.   (*Brownfield v. Houser,* 30 Or. 534, 49 Pac. 843; *Sears v. James,* 47 Or. 50, 82 Pac. 15; *Cathers v. Moores* (Neb.), 110 N. W. 689; *Curtis v. Sprague,* 51 Cal. 239.)

A private citizen as taxpayer cannot maintain an action to redress a public wrong unless he has sustained special damages, and the damages or wrongs are not such as are common to the public generally.   (*McCloskey v. Kreling,* 76 Cal. 512, 18 Pac. 433; *East St. Louis v. O'Flynn,* 119 Ill. 200, 59 Am. Rep. 795, 10 N. E. 395; *Wyandotte & K. C. B. Co. v. Wyandotte Co.,* 10 Kan. 326; *Mayor v. Alexandria C. Co.,* 12 Pet. 92, 9 L. ed. 1012; *Stiles v. Guthrie,* 3 Okl. 26, 41 Pac. 384; *Hale v. Cushman,* 6 Met. (Mass.) 425; *Hill v. Pierson,* 45 Neb. 503, 63 N. W. 835; *Fort Plain Bridge Co. v. Smith,* 30 N. Y. 44.)

Morgan & Morgan, for Respondents.

There was no obligation upon the part of the school district to Collins and Orland Hardware Co. if the company had furnished supplies to the district. The transactions upon which the bills were allowed, the warrants drawn, and the money procured were absolutely void. (Rev. Stat., sec. 733; Sess. L. 1899, p. 105; Sess. L. 1905, p. 71; Dillon on Municipal Corp., sec. 444; *Nuckols v. Lyle,* 8 Ida. 589, 70 Pac. 401; *Macy v. City of Duluth,* 68 Minn. 452, 71 N. W. 687; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 258, 69 Am. St. Rep. 915, 925, 75 N. W. 964; *Village of Dwight v. Palmer,* 74 Ill. 295; *McGregor v. Logansport,* 79 Ind. 166; *Goodrich v. City of Waterville,* 88 Me. 39, 33 Atl. 659; *Board of Commrs. v. State,* 66 Kan. 634, 72 Pac. 284; *City of North Port v. North Port T. S. Co.,* 27 Wash. 543, 68 Pac. 204; *Foster v. City of Cape May,* 60 N. J. L. 78, 36 Atl. 1089.)

Nor does the allowing of the bills, issuing of the warrants or paying the money validate the void transaction. (*Milford v. Milford Water Co.,* 124 Pa. 610, 17 Atl. 185, 3 L. R. A. 122; *Capron v. Hitchcock,* 98 Cal. 427, 33 Pac. 431.)

Public moneys paid out contrary to law, although such payment is voluntary and made with a full knowledge of all the facts of the transaction, may be recovered back. (*Ada County v. Gess,* 4 Ida. 611, 43 Pac. 71; *Fremont County v. Brandon,* 6 Ida. 482, 56 Pac. 264; *Anderson v. Lewis,* 6 Ida. 51, 52 Pac. 163; *Tacoma v. Lillis,* 4 Wash. 797, 31 Pac. 321, 18 L. R. A. 372; *Ward v. Town of Barnum,* 10 Colo. App. 496, 52 Pac. 412; *City of Chaska v. Hedman,* 53 Minn. 525, 55 N. W. 737; *Mock v. City of Santa Rosa,* 126 Cal. 330, 58 Pac. 826; *Frederick v. Douglas Co.,* 96 Wis. 411, 71 N. W. 798 (see Opinions Winslow, Judge); *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 258, 69 Am. St. Rep. 915, 925, 75 N. W. 969.)

A taxpayer has a right to enforce on behalf of the corporation a cause of action of a public corporation of which he is a member when its officers neglect or refuse to perform their duty in that respect. (Smith on Municipal Corp., sec. 1647a; Dillon on Municipal Corp., sec. 915; *Orr v. State Board,*

3 Ida. 190, 28 Pac. 416; *Dunn v. Sharp*, 4 Ida. 98, 35 Pac. 842; *Nuckols v. Lyle, supra; Quaw v. Paff*, 98 Wis. 586, 74 N. W. 369; *Land, Log & L. Co. v. McIntyre*, 100 Wis. 245, 258, 69 Am. St. Rep. 915, 925, 75 N. W. 964; *Webster v. Douglas County*, 102 Wis. 181, 72 Am. St. Rep. 870, 77 N. W. 885; *In re Coles' Estate*, 102 Wis. 1, 72 Am. St. Rep. 854, 78 N. W. 402; *Stroud v. Consumer's Water Co.*, 56 N. J. L. 422, 28 Atl. 578.)

The rule contended for by appellant that "Neither party to a transaction will be permitted to take advantage of its invalidity while retaining the benefits," applies only to voidable contracts, and not to a transaction that is absolutely void. (*Nuckols v. Lyle, supra; Smith v. City of Albany,* 61 N. Y. 444; *Land, L. & L. Co. v. McIntyre, supra; Berka v. Woodward*, 125 Cal. 119, 73 Am. St. Rep. 31, 57 Pac. 777, 45 L. R. A. 420; *Capron v. Hitchcock, supra; Goodrich v. City of Watsonville, supra; City of Northport v. Northport T. S. Co., supra.*)

SULLIVAN, J.—This action was brought in the name of Independent School District No. 5 of Latah County, upon the relation of Frank L. Moore and J. C. Richcreek, against Joseph Collins, to recover from said Collins the sum of $308.65, with lawful interest thereon, alleged to have been paid by said district upon a void contract.

After alleging the corporate existence of said district, it is alleged that during the time mentioned in the complaint, the defendant Collins was a qualified and acting member of the board of trustees of said district, and from about September 14, 1905, until September 10, 1906, was chairman of said board; that during said period of time the defendant and one Orland were partners, doing business under the name of Collins and Orland Hardware Co., and that defendant Collins owned a three-fourths interest in said company; that on January 11, 1905, said Collins presented to the said board of trustees a bill for goods, wares, merchandise and supplies, which the said defendant claimed had been sold by said firm to said school district; that he procured the board to allow said bill, and received a warrant therefor upon the treasurer

of said district; that demand had been made upon said Collins to repay said money to the treasurer of said district, which was refused, and the said Collins was interested in said account to the extent of three-fourths of the value thereof. It was also alleged that a resolution had been presented to said board of trustees providing for the appointment of a committee to ascertain the amount of moneys paid out by said district to said hardware company, and that a majority of said board of trustees voted against said resolution, and then and there refused, and at all times since have refused, to make any demand upon said Collins for said money, and refused to enforce a restitution from him of said moneys, and that said district refused to bring an action to recover said sum of money so paid.

There are six separate causes of action stated in the complaint, all of which are similar in averment and predicated upon separate bills presented by said defendant Collins for goods, wares and merchandise sold by said hardware company to said board of trustees for payment. To this complaint the defendant filed a demurrer to each separate cause of action, assigning four grounds of demurrer. Upon the hearing of the demurrer, the defendant waived the second ground assigned. The court thereafter overruled said demurrer and the defendant refused to plead further. His default was entered and the cause was tried by the court and judgment entered in favor of said Moore and Richcreek for the use and benefit of said school district for the sum of $308.65. This appeal is from the order overruling the demurrer and is based upon the judgment-roll and bill of exceptions.

This suit is based on sec. 82 of the school laws of the state, as amended by act of 1905, Session Laws 1905, p. 71. That part of said section claimed to be applicable herein is as follows:

"Section 82. No trustee must be interested in any contract let, or made by, or with the board, or with any officer thereof, or in any supplies furnished to or for said district, or a surety for the performance of any contract with said

board or district, or the agent or partner of any contractor with said board or district; and no action can be maintained or recovery had against said board or district upon any contract or obligation in which any trustee is so interested, but the same is void. . . . ."

It is contended that that statute is in its nature penal, as it provides for a forfeiture, and should not be extended by construction beyond its natural meaning, and cites on that proposition, Black on Interpretation of Laws, pp. 242, 243, 392, 393, and *Askew v. Ebberts*, 22 Cal. 263. The rule laid down there is no doubt correct, and the provisions of said statute should not be extended by construction beyond the reasonable meaning of the language used therein, and not beyond the intent of the legislature. The clear intention was to prohibit a trustee from making any contract with his district, in which he was pecuniarily interested. Said statute declares all such contracts void. This is upon the theory that it is contrary to public policy to permit a trustee to make a contract between the district and himself in which he is pecuniarily interested. (*Nuckols v. Lyle*, 8 Ida. 589, 70 Pac. 401.) The rule established by said section is founded in public policy, and is in the interests of the people, and is a salutary one to prevent abuses by trustees.

It is contended that the only penalty provided in said section is that no action can be maintained or recovery had against a district on such a contract; that as the district has received the benefit of the goods so purchased and has paid the money therefor, a recovery of the money cannot be had. There is nothing in this contention, as the statute provides such contracts are absolutely void. If money is illegally paid on such void contract, the district may recover it back, and in case the district refuses to do so, any taxpayer of the district may, for and on behalf of the district, maintain an action for the recovery of money so illegally paid. However, the judgment in such cases should run in favor of the municipality whenever a recovery is adjudged. In case a taxpayer fails to recover judgment, the court should require him to pay the costs of the suit.

The rule contended for by appellant to the effect that neither party to a transaction will be permitted to take advantage of its invalidity while retaining the benefits, applies only to voidable contracts and not to a transaction that is absolutely void.    (*Nuckols v. Lyle,* 8 Ida. 589, 70 Pac. 401; *Collier v. Munn,* 41 N. Y. 143; *Smith v. City of Albany,* 61 N. Y. 444; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 69 Am. St. Rep. 915, 925, 75 N. W. 964; *Berka v. Woodward,* 125 Cal. 119, 73 Am. St. Rep. 31, 57 Pac. 777, 45 L. R. A. 420; *Capron v. Hitchcock,* 98 Cal. 427, 33 Pac. 431; *Goodrich v. City of Waterville,* 88 Me. 39, 33 Atl. 659; *City of Northport v. Northport T. S. Co.,* 27 Wash. 543, 68 Pac. 204.)

It is contended that the only penalty provided in said statute is that an action cannot be maintained or recovery had against the district on such a contract.    That being true, the money once paid on such void contract cannot be recovered back.    We cannot agree with that contention.    That statute was not intended to prevent the district or a taxpayer thereof for the district from recovering back any money paid by the district upon a void contract.    The general rule is that money paid by a municipal corporation upon a void contract may be recovered back by such corporation; or, in case the proper authorities refuse to proceed to do so, a taxpayer thereof may do so for the corporation, and this general rule is not changed or abrogated by said statute in such cases as the one at bar.

One ground of demurrer is that the plaintiff has no legal capacity to sue.    It is contended that as it is alleged in the complaint that the said board of trustees absolutely refused to bring this suit, that the relators, Moore and Richcreek, the minority members on said board, could not bring this suit. It is alleged in the complaint that said relators are not only members of said board of trustees, but also taxpayers in said district, and in such cases the general rule is that a taxpayer has a right to maintain an action to recover back money illegally paid on behalf of a municipal corporation when its officers neglect or refuse to perform their duty in that respect. (2 Smith's Modern Law of Municipal Corporation, sec. 1647a; 2 Dillon on Municipal Corporations, sec. 915; *Orr v. State*

*Board,* 3 Ida. 190, 28 Pac. 416; *Dunn v. Sharp,* 4 Ida. 98, 35 Pac. 842; *Nuckols v. Lyle,* 8 Ida. 589, 70 Pac. 401.)

In *Land, Log & Lumber Co. v. McIntyre,* 100 Wis. 245, 258, 69 Am. St. Rep. 915, 925, 75 N. W. 964, it is held that where a county, by the wrongful conduct of its county board, parts with county money for something that it has no legal right to acquire or do, no equitable considerations stand in the way of recovering back such money from the mere fact that the county has received a benefit; and where a public corporation has a cause of action which should be prosecuted for its use, whether legal or equitable, and its governing body neglects and refuses to institute an action therefor, a taxpayer may, on behalf of himself or all others similarly situated, institute an action to redress the wrong to the corporation. There is nothing in that ground of the demurrer, as the plaintiffs, as taxpayers, had the right to bring the suit in the name of the district on their relation.

The fourth ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action, and under this contention counsel argue that it is not alleged in the complaint that the contract, out of which said claims arose against said school district, was made during the time that Collins was a member of the board of trustees of said district. We think this ground of demurrer is well taken. We find no allegation in the complaint to the effect that the goods, wares and merchandise sold to said district, out of which said claims arose, were sold during the time that Collins was a member of said board of trustees. It is alleged in the complaint that at all times mentioned in the complaint said Collins and one Hallie Orland were copartners, doing business under the name and style of Collins and Orland Hardware Company, and that said Collins is the owner of approximately a three-fourths interest in said hardware business, and that on January 11, 1905, the said Collins, while a member of said board of trustees, and still owning a three-fourths interest in said hardware company, acting in the capacity of a member of said copartnership, for and on its behalf, presented a bill to said board of trustees for goods, wares, mer-

chandise and supplies, which the said Collins alleged and pretended had been sold by said hardware company to said school district, "and unlawfully and corruptly procured the said board of trustees, of which he was then a member, to approve and allow said bill in the sum of $11.90, and unlawfully and corruptly procured the then acting chairman and clerk of said board of trustees to make and deliver to him, the said Joseph R. Collins, member of said board of trustees and of said copartnership, as aforesaid, warrant," etc., etc.

Said statute was enacted for the purpose of prohibiting trustees of school districts from making any contract with the district, and declaring that if any such contract is made, the same is void, and in order to bring this action within said statute, it must be alleged that the contract, out of which the said claim against the district arose, was made and entered into during the time that Collins became a member of said board of trustees. If the contract was entered into prior to the time that Collins became a member of said board, he had a right to present said claim to the board of trustees for allowance, and it would not be unlawful or corrupt on his part to do so.

The judgment must therefore be reversed and the cause remanded, with instructions to sustain said demurrer. Costs are awarded to appellant.

Ailshie, C. J., and Stewart, J., concur.