CLOVER HILL HOSPITAL, INC. *vs.* CITY OF LAWRENCE.

Essex.    November 2, 1943. — December 28, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Contract*, Validity, With municipality. *Municipal Corporations*, Contracts, Officers and agents. *Lawrence. Public Welfare. Soldiers' Relief.*

If there was an implied contract under G. L. (Ter. Ed.) c. 115, § 17, between the city of Lawrence and an incorporated private hospital for payment by the city for medical treatment of a veteran at the hospital, such contract became unenforceable against the city upon its electing to avoid the contract under Part II, § 37, of the city charter, St. 1911, c. 621, because the school physician of the city was a stockholder and salaried medical director of the hospital.

CONTRACT. Writ in the Superior Court dated June 9, 1942.

The case was heard without a jury by *Higgins*, C.J., who ruled that the provisions of Part II, § 37, of the defendant's charter, St. 1911, c. 621, "prohibits the payment of . . . [the plaintiff's] claim by the defendant," found "upon all the evidence and the law that the plaintiff is not entitled to recover" and found for the defendant. The plaintiff alleged exceptions.

*R. A. A. Comparone*, for the plaintiff.

*J. P. Kane*, City Solicitor, for the defendant.

RONAN, J. This is an action of contract by a private hospital organized for gain and profit to recover for services and treatment furnished one Underwood, a World War veteran, for the payment of which it is alleged the city is liable by virtue of G. L. (Ter. Ed.) c. 115, § 17. It is admitted that, at the time Underwood was treated at the plaintiff hospital, one Dr. DeCesare was a school physician of the defendant city, and also a stockholder of the plaintiff as well as its medical director for which he received a salary of $1,500. The city charter, St. 1911, c. 621, Part II, § 37, provides that "It shall be unlawful . . . for any officer or

employee of the city, directly or indirectly to make a contract expressed or implied with the city, or to receive any commission, wages, discount, bonus, gift, contribution or reward from, or any share in the profits of, any person or corporation making or performing such a contract. . . . A violation of any provision of this section shall render the contract in respect to which such violation occurs voidable at the option of the city." The city council unanimously voted "to avoid the contract." The judge found for the defendant.

The plaintiff bases its cause of action upon an implied contract. There was no evidence of any express or formal contract between the plaintiff and the city. Section 37 of the charter in terms applies to both express and implied contracts. It was the purpose of this section to reach all contracts made by the city in which one of its officers or employees receives a personal benefit of the character described from the other party to the contract. The general aim and object of legislation similar to this section has been recently explained by this court, and we need not repeat what was there said. *Commonwealth* v. *Avery*, 301 Mass. 605. *Commonwealth* v. *Albert*, 310 Mass. 811. *Commonwealth* v. *Hayes*, 311 Mass. 21. *Commonwealth* v. *Hurley*, 311 Mass. 78. *Commonwealth* v. *Barker*, 311 Mass. 82. *Commonwealth* v. *Mannos*, 311 Mass. 94. *Commonwealth* v. *Beal*, 314 Mass. 210.

The terms of the section of the charter are broad and general and permit none of the limitations urged by the plaintiff. The receipt by Dr. DeCesare of compensation for services rendered at a time when he was school physician of Lawrence and during the period that Underwood was a patient at the hospital brings the contract within the said section, and the city council, having by virtue of said section voted to avoid the contract, left the plaintiff without an enforceable claim. The plaintiff relies upon *Tucker* v. *Howard*, 122 Mass. 529, a decision that did not rest upon any statute, and nothing therein decided is contrary to anything here said. There was no error in refusing to find for the plaintiff or in refusing under the circumstances to grant

any of its requests for rulings. *Miller* v. *Martinez,* 28 Cal. App. (2d) 364. *Montgomery* v. *Atlanta,* 162 Ga. 534. *Independent School District No. 5* v. *Collins,* 15 Idaho, 535. *Bryne & Speed Coal Co.* v. *Louisville,* 189 Ky. 346. *Goodrich* v. *Waterville,* 88 Maine, 39. *Opinion of the Justices,* 108 Maine, 545. *Ferle* v. *Lansing,* 189 Mich. 501. *Courtland* v. *Courtland Electric Co.* 172 Minn. 392. *Dallas* v. *Sea Isle City,* 55 Vroom, 679. *Bergeron* v. *Jackson,* 94 Vt. 91. *Northport* v. *Northport Townsite Co.* 27 Wash. 543. *Edward E. Gillen Co.* v. *Milwaukee,* 174 Wis. 362.

The plaintiff contends that an implied obligation was imposed upon the city by G. L. (Ter. Ed.) c. 115, § 17, to pay for medical care and attendance furnished to a World War veteran. This statute is not in conflict with the special act, St. 1911, c. 621, which constitutes the city charter, and does not purport to override any of its provisions. *Copeland* v. *Mayor & Aldermen of Springfield,* 166 Mass. 498, 504. *McKenna* v. *White,* 287 Mass. 495, 499. *Clancy* v. *Wallace,* 288 Mass. 557, 564. It does not make lawful a claim that is violative of the charter and consequently cannot be enforced against the city. *Bartlett* v. *Lowell,* 201 Mass. 151. *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467. *McGovern* v. *Boston,* 229 Mass. 394. *Bay State Street Railway* v. *Woburn,* 232 Mass. 201. *Eastern Massachusetts Street Railway* v. *Mayor of Fall River,* 308 Mass. 232. *Rossiter* v. *County of Middlesex,* 308 Mass. 458. If, as the plaintiff contends, authority is given by said § 17 to the hospital to look to the city for the payment of services rendered a World War veteran, then the section contemplates that the services will be performed in a lawful manner and that the hospital will not do anything that will make its claim illegal and unenforceable because violative of the terms of the city charter. *Dodge* v. *County Commissioners of Essex,* 3 Met. 380. *Peabody* v. *Boston & Providence Railroad,* 181 Mass. 76. *Klem* v. *Commonwealth,* 301 Mass. 340. *R. Dunkel, Inc.* v. *V. Barletta Co.* 302 Mass. 7.

*Exceptions overruled.*