COMMONWEALTH *vs.* CITY COUNCIL OF LAWRENCE.

. Essex. · May 8, 1947. — June 25, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Club. Alcoholic Liquors,* Sale, Club. · *Corporation,* Club.

The provisions of G. L. (Ter. Ed.) c. 180, § 27, as amended by St. 1934,. c. 328, § 22, did not require the action therein directed upon conviction of a club, incorporated under G. L. (Ter. Ed.) c. 180, § 2, of unlawfully selling intoxicating liquor upon its premises to a minor and to a person not a member or guest of the club, where it appeared that the club was licensed to sell intoxicating liquor to its members and guests under G. L. (Ter. Ed.) c. 138, § 12, as last amended by St. 1943, c. 542, §§ 3, 4.

PETITION, filed in the Superior Court on June 25, 1945, for a writ of mandamus.

The case was heard by *Donahue,* J.

*H. A. Cregg,* District Attorney, (*E. F. Cregg,* Assistant District Attorney, with him,) for the petitioner.

*J..P. Kane,* City Solicitor, for the respondents.

*J. A. Donovan & F. A. Bernardin,* by leave of court, submitted a brief as amici curiae.

LUMMUS, J. In 1945 an incorporated club, formed under G. L. (Ter. Ed.) c. 180, § 2, named "Le Club La Victoire, Incorporated," licensed to sell intoxicating beverages under G. L. (Ter. Ed.) c. 138, § 12, as appearing in St. 1935, c. 468, § 1, as amended, and located at Lawrence, was convicted and fined in the Superior Court for the offences of unlawfully selling beer and whiskey upon its premises to a minor and to a person not a member of the club nor the guest of a member. G. L. (Ter. Ed.) c. 138, §§ 12, 34; St. 1943, c. 542, § 15. Thereafter the district attorney for the eastern district, in the name of the Commonwealth, brought a petition in the Superior Court for a writ of mandamus to compel the respondent members of the city council of Lawrence, who by the city charter had the

powers and duties of aldermen (St. 1911, c. 621, Part II, § 22; *Clover Hill Hospital, Inc.* v. *Lawrence,* 315 Mass. 284, 286), to give the notice to the State Secretary hereinafter mentioned.

By G. L. (Ter. Ed.) c. 180, § 27, as amended by St. 1934, c. 328, § 22, "If any person [which includes a corporation, G. L. (Ter. Ed.) c. 4, § 7, Twenty-third; *China Clipper Restaurant, Inc.* v. *Yue Joe,* 312 Mass. 540, 542] is convicted of exposing and keeping for sale or selling alcoholic beverages . . . on the premises occupied by any club or organization described in section two . . . the aldermen . . . shall immediately give notice to the state secretary, who, upon receipt thereof, shall declare the charter of such club or organization void, and shall publish a notice in at least one newspaper published in the county where such club or organization is located that such incorporation is void and of no further effect."  In the Superior Court a judge dismissed the petition for a writ of mandamus, and reported the case.

Since the club was licensed to sell intoxicating liquor to its members and guests under G. L. (Ter. Ed.) c. 138, § 12, as last amended by St. 1943, c. 542, §§ 3, 4, conviction for the mere "selling" of intoxicating liquor on its premises to a minor or a person not a member or guest did not bring it within the provisions of G. L. (Ter. Ed.) c. 180, § 27, as amended by St. 1934, c. 328, § 22.  There is no statutory provision for notice and forfeiture in the case of conviction for selling to a minor or to a person not a member or a guest.  The trial judge was right in ordering the petition dismissed.  This conclusion renders it unnecessary to consider whether the district attorney could maintain a petition like the present.

*Petition dismissed.*