[File No. 7298]

PETER THOMPSON et al, on behalf of themselves and all other taxpayers similarly situated in Lone Tree Township, of Golden Valley County, North Dakota, Respondents, v. LONE TREE TOWNSHIP, a public corporation, Golden Valley County, North Dakota; Forest Samuels, A. H. Bares and Martin Susa, Supervisors, Earl Schmitz, Clerk and Hugo Krietinger, Treasurer of Lone Tree Township, a public corporation of Golden Valley County, North Dakota, Appellants.

(52 NW2d 840)

Opinion filed April 8, 1952

*Mackoff, Kellogg & Muggli,* for appellants.
*Johnson & Rausch,* for respondents.

BURKE, J. The question to be decided on this appeal is whether a township supervisor by making a temporary loan, without interest, to his township in an emergency thereby becomes a party to, or interested in a contract made by a board of which he is a member, in violation of the provisions of Sec 58–0512 NDRC 1943.

In March, 1946, the supervisors of the defendant township adopted an initial resolution authorizing the building of a township hall at a cost of not to exceed $20,000.00, and the issuance of township bonds to finance such construction. The approval of the bond issue by the electors of the township was secured at an election held on April 2, 1946. Thereafter the township board advertised for bids for a contract to build the hall. All bids received were rejected as excessive and the board undertook to hire labor, purchase materials and build the hall under its own supervision and direction. As a result of this activity the township has expended, or has issued warrants for, a sum which is approximately $20,000.00 in excess of the $20,000.00 originally authorized. Included in this amount were warrants issued to the defendant, Roman Finneman, in the total sum of $529.50 and warrants issued to the defendant, A. H. Bares, in total sum of $482.48. It is undisputed that these warrants were issued to repay the defendants, Finneman and Bares, for advances they had made to the township for the purpose of paying for materials, used in the construction of the township hall, and the transportation charges thereon. There is no question, but that at the time the advances were made, an emergency existed; that the materials had arrived by freight; that there were no funds in the township treasury; that the materials could not be obtained without payment, and that the making of the advances by these defendants saved the township demurrage charges and avoided delay in construction.

In April, 1950, plaintiffs instituted this action, seeking to enjoin the defendants from making any further payments for the construction of the township hall, including the payment of outstanding warrants. Generally the ground upon which the injunction was sought was that all expenditures for the township

hall in excess of the originally authorized $20,000.00 were ultra vires. As to warrants issued to the defendants, Finneman and Bares, in repayment of advances there was the additional ground, that by making the advances these defendants had become parties to, or interested in, a contract made by the board of which they were members, contrary to the provisions of Section 58–0512 NDRC 1943.

At the annual meeting of Lone Tree Township held March 20, 1951, a resolution was adopted approving and ratifying all the expenditures made by the supervisors in building the township hall and specifically ratifying the warrants issued to the defendants, Finneman and Bares, as above set forth. The minutes of this meeting state, "Sixty-six (66) of the electors voted 'yes' in favor of the adoption of the resolution and the motion for adoption of the resolution carried, by the affirmative vote of more than two-thirds (2/3) of the electors of the township present and voting."

This action was tried subsequent to the adoption of the foregoing resolution. The trial court found that, in the main, plaintiff's cause of action, if it had had one originally, had been wiped out by the action of the township electors, that "the fact that the action of this Board was ultra vires . . . does not deprive the electors of their right or power to ratify the proceedings of the Board." As to the warrants issued to Finneman and Bares, however, the court held "such contracts are void . . . and a contract, void in its inception cannot be ratified and no recovery can be had thereon." Accordingly, while the injunction requested was denied as to most items, judgment was entered enjoining the payment of the warrants issued to Finneman and Bares. Defendants have appealed from this part of the judgment.

The question presented is one of statutory construction. Section 58–0512 NDRC 1943 provides: "No township officer shall become a party to or be interested, directly or indirectly, in any contract made by the board of which he is a member. Every contract or payment voted for or made contrary to the provisions of this section is void. Any violation of this section shall constitute malfeasance in office which will subject the officer so offending to removal from office."

Similar, if not identical, statutes have been enacted in many states and they are generally held to be merely declaratory of the common law. Independent School District #5 v. Collins, 15 Idaho 535, 98 P 857, 128 Am St Rep 76; Bradley & Gilbert Co. v. Jacques, 33 Ky L Rep 618, 110 SW 836; Bangor v. Ridley, 117 Me 297, 104 A 230; County of Shasta v. Moody, 90 Cal App 519, 265 P 1032; Stockton Plumbing & Supply Co. v. Wheeler, 68 Cal App 592, 229 P 1020. Thus the interest which a township officer is prohibited from having in a township contract is one which conflicts or might conflict with the township's interest. Little Rock St. Imp. Dist. v. Taylor, 184 Ark 92, 40 SW2d 786; Pac. Finance Corp. v. City of Lynwood, 114 Cal App 509, 1 P2d 520, and the interest which is prohibited is a pecuniary interest. City of Edinburg v. Ellis (Tex Civ App) 59 SW2d 99; Mumma v. Town of Brewster, 174 Wash 112, 24 P2d 438.

In the instant case it is clear that in making emergency advances to their township to pay for materials and transportation charges, the defendants, Finneman and Bares, had no interest which was adverse to that of the township and no hope or expectation of pecuniary profit. Their only motive was to save the township money and to expedite the building of the township hall. Certainly there were present in the transaction none of the evils or evil tendencies which are proscribed by the statute. A transaction very similar in nature was considered in an early case from Illinois. There, a city clerk had ordered a pump for the city and had paid the charges on the pump when it arrived. He brought suit to recover the amount paid. As one of its defenses the city urged that the contract violated Sec 78 Rev Stat of Ill 1875, which provided that no officer of a city shall be "interested in any contract work or business of the city." In disposing of this question the court said, "If appellee contracted to furnish a pump, and had an interest in its sale to the city, then he would be within its (the statute's) purview. If he only ordered the pump, by authority of the city and advanced the money to pay for it, then he would not." City of Anna v. O'Callahan, 3 Ill App 176, 179. Also of interest is the case of State ex rel. Swain, Auditor, v. Windle et al, 156 Ind 648, 59 NE 276. In that case the court held that a contract to pay a county

treasurer interest upon a loan to his county was contrary to public policy but said (p 278) "If loans or advances of money were actually made by the treasurer to the county, doubtless the principal sum loaned might be recovered."

We are satisfied therefore that the transaction by which Finneman and Bares advanced money to the township was not one prohibited by Section 58–0512 NDRC 1943. That part of the judgment appealed from must therefore be reversed. The case is accordingly remanded to the district court with directions to modify the judgment formerly entered herein, to conform to this opinion.

MORRIS, C. J., and GRIMSON, CHRISTIANSON and SATHRE, JJ., concur.