ISAAC STURR, PROSECUTOR, v. THE BOROUGH OF ELMER ET AL.

Submitted June 4, 1907—Decided November 11, 1907.

1. A resolution of the borough council of the borough of Elmer, providing for the purchase of lands, tends to impose a pecuniary obligation on the borough, and must, under section 27 of the Borough act of 1897 (*Pamph. L.*, *p.* 296), be submitted to the mayor for his approval.

2. It appearing from the testimony that one H., a member of the borough council, was indirectly interested in furnishing property to the borough, the resolutions providing for the purchase and payment therefor will be set aside as contrary to the policy and intent of the act approved March 22d, 1901. *Pamph. L.*, *p.* 393.

3. The prosecutor will not be denied the benefit of his writ of *certiorari* where it appears that the delay which intervened between the time when he as a vigilant taxpayer ought to have known of the resolution and the time when he applied for his writ has resulted in no detriment to the defendants, especially when it further clearly appears that the action of council should have been by ordinance instead of resolution, and that the resolution itself was not submitted to the mayor for approval as required by the statute.

On *certiorari*.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *Henry Burt Ware.*

For the defendants, *John Boyd Avis* and *John C. Edmunds.*

The opinion of the court was delivered by

TRENCHARD, J.    This writ of *certiorari* brings up for review two resolutions of the borough council of the borough of Elmer, passed February 7th and March 7th, 1906, for the purchase of certain lands of Emma L. Hitchner, located in the borough, together with the proceedings thereunder.

Many reasons are assigned for reversal. The determination of this case, however, requires the consideration of but five of them.

In the brief for the borough no attempt is made to sustain these proceedings as being in due form of law, it being admitted that the purchase should have been by ordinance regularly passed, approved and published. Entire reliance is placed upon the alleged laches of the prosecutor.

The second, third and fourth reasons for reversal are based upon the fact that the resolutions were not, after their passage, submitted to the mayor for his approval, and that they were not published.

Section 27 of the Borough act of 1897 (*Pamph. L., p.* 296) provides that every ordinance passed by the council, and every resolution appropriating or in any way tending to pecuniarily obligate the borough shall, within five days after the passage thereof, be presented to the mayor for his approval.

The resolutions in question tended to pecuniarily obligate the borough, and could not be carried into effect without imposing a pecuniary burden. Neither of said resolutions was approved by the mayor or presented to him for approval.

Compliance with this provision of the statute was essential to the validity of the proceedings. *State* v. *Newark,* 1 *Dutcher* 399; *Hendrickson* v. *Point Pleasant,* 36 *Vroom* 535.

The seventh and ninth reasons are based upon the fact that whereas the lands were bought of Mrs. Hitchner, her husband was at the same time a member of the borough council, and that therefore the contract between her and the borough was void.

We are of the opinion that contracts such as the one under review have received the condemnation of the legislature.

This appears by *Pamph. L.* 1901, *p.* 393. That act provides as follows:

"Any member of  *  *  *  any board of aldermen or common council  *  *  *  of any  *  *  *  borough  *  *  *  who shall be directly or indirectly concerned in any agreement or contract,  *  *  *  or any improvement whatever to be constructed or made for the public use or at public expense,  *  *  *  or who shall be directly or indirectly interested in furnishing any goods, chattels, supplies or property of any kind whatsoever to or for the  *  *  *  borough  *  *  *  the contract or agreement for which is made, or the expense or consideration of which is paid by the  *  *  *  council  *  *  *  of which such member is a part, shall be guilty of a misdemeanor."

While the section contains much beside, it contains, clearly, the provision above set forth.

This language, with equal clearness, includes the contract now in question. Dr. Hitchner was a member of the borough council at the time the resolutions were passed, and was indirectly, if not directly, interested in furnishing the property to the borough. He was the husband of Emma L. Hitchner, and while the legal title of the property in question stood in her, the property was taxed to Dr. Hitchner, and the tax was paid by him out of his own moneys. Moreover, the negotiations for the property were conducted through the husband and he fixed the price. He said "he would take $600." The conveyance was finally made by Mrs. Hitchner and her husband to a third party, who the next day conveyed to the borough, but that does not alter the true character of the transaction. It is admittedly true that the consideration of $600, named in each deed, was the money paid by the borough.

The invalidity of the contract in this respect therefore rests upon the doctrine that a contract is illegal if it be opposed to the general policy and intent of a statute. *Melliss* v. *Shirley Local Board, L. R.,* 16 *Q. B. Div.* 446; *Milford Borough* v. *Milford Water Co.,* 124 *Pa. St.* 610; *State, Gregory, Taylor,* v. *Jersey City,* 5 *Vroom* 390; *Stroud* v. *Consumers'*

*Water Co.,* 27 *Id.* 422; *Harrison* v. *Elizabeth,* 41 *Id.* 591; *Wiesenthal* v. *Atlantic City,* 44 *Id.* 245.

We regard the cases above cited from our own state, and the reasoning by which they are supported, as decisive of the present question.

We may remark that the invalidity of such a contract in no way rests upon a criminal intent of the member of council. The rule is one of policy, which, without regard to intention, inexorably reaches all contracts which contravene the purposes of the law.

Nor do we think that the prosecutor, by reason of his delay, is to be deprived of the benefit of his writ.

On February 7th, 1906, the borough council passed the resolution that it buy Mrs. Hitchner's lot for $600, and then, on March 7th, 1906, it was resolved that an order be drawn in payment therefor. In April, 1906, council resolved to appropriate $1,500 to the town hall fund. In July a building committee was appointed for the purpose of building a town hall. On August 1st the chairman of this committee reported that he was ready to go and look at other town halls for the committee. Nothing further was done, so far as we are now concerned, until the issuing of the writ of *certiorari* on February 19th, 1907.

It does not seem to us that the delay which intervened between the time when the prosecutor as a vigilant taxpayer ought to have known that this purchase had been made and the time when he applied for his writ of *certiorari* has resulted in any detriment to the borough. The borough money was paid out before the taxpayer can be presumed to have known of the resolution. If council had submitted the resolution to the mayor for his approval, it may be that the mayor would have ordered a public hearing; and certainly, if council had acted by ordinance as it should have done (*Pamph. L.* 1897, *p.* 296, § 28), the publication of the ordinance would have put the taxpayers upon their guard.

The result is that the resolution under review, and all proceedings thereunder, must be set aside, with costs.