FLORA GITHENS v. BUTLER COUNTY, MISSOURI, Appellant.—No. 38031. —165 S. W. (2d) 650.

Division Two, November 12, 1942.

*Charles T. Bloodworth, Jr.,* for appellant.

*Tedrick & Tedrick* for respondent.

296

BARRETT, C.—Flora Githens, claiming to be the owner by purchase from Butler County of two tracts of land consisting of 333 acres, brought this suit to quiet the title and alleged that Butler County claimed some interest in the land.

Butler County answered the suit by alleging that the deeds under which the plaintiff claimed were void and asked the court to cancel the deeds and decree the title to the land to be in the county.

The allegation upon which the county relied as making the deeds void was "that at the time of said order, made by said County Court, that D. M. Githens was the husband of Flora Githens, and that the said D. M. Githens was the Presiding Judge of the County Court of Butler County, Missouri, and that said D. M. Githens was acting as Presiding Judge of the Court at the time said sale was ordered."

The Hemphill Lumber Company once owned the land and after the timber was removed permitted it to sell for taxes. At the tax sale Tom Campbell, Land Commissioner of Butler County, bought

the land for the county. He paid $150.00 for the two tracts in question and soon after sold them to Mrs. Githens for $200.00.

Mrs. Githens testified that she owned land near that purchased and that she wanted it because the river ran through it. She said she owned property in her own name and had money of her own and that the land was purchased with her separate money, on her own initiative and without consulting her husband. She said: "My husband did not know I bought this land. I did not buy it for him or his agent."

D. M. Githens testified that he was the husband of the plaintiff and the Presiding Judge of the County Court of Butler County. He said that when his wife told him she was going to buy the land he advised against it because they owned enough land without it.

The Clerk of the County Court identified the record book which showed the order of the County Court authorizing the sale of the land to Mrs. Githens on December 5, 1940. The judges present and signing the record for that day were D. M. Githens, Charlie Smith and John Garver. Smith's and Garver's terms as judges expired on December 31, 1940, and they were succeeded by Sam Woolard and Hulen Spencer who, in Judge Githens' absence, made an order rescinding the previous order authorizing Campbell to sell the land to Mrs. Githens. Judge Spencer said: "The reason we set this sale aside was that Mrs. Githens is the wife of the County Judge and Mr. Campbell was appointed by the County Court. That's the only reason." His associate, Judge Woolard, said: "We set aside this sale of land that Mrs. Githens bought because we thought it was too cheap and because it was kinfolks buying it."

There were other issues in the trial of the case, one of them being the value of the land and whether its value would be enhanced by certain proposed public improvements, but the decisive question is whether the wife of a judge of the county court may purchase land from the county at a private sale authorized and approved by the vote of her husband and his two associate judges. The trial court found for the plaintiff on her petition to quiet the title and dismissed the county's cross-bill after finding all the issues on the county's claim for the plaintiff. In this we think the trial court was in error.

". . . the directors of a private corporation may, if there is no fraud in fact or unfairness in the transaction, contract on behalf of the corporation with one of their number. A stricter rule is laid down in regard to public corporations, and it is held that a member of an official board or legislative body is precluded from entering into a contract with that body." 6 Williston, Contracts, Sec. 1735, p. 4895. The basis of this common law rule is that it is against public policy (State ex rel. Smith v. Bowman, 184 Mo. App. 549, 170 S. W. 700) for a public official to contract with himself. "At common law and generally under statutory enactment, it is now established beyond

question that a contract made by an officer of a municipality with himself, or in which he is interested, is contrary to public policy and tainted with illegality; and this rule applies whether such officer acts alone on behalf of the municipality, or as a member of a board of [or] council. . . . The fact that the interest of the offending officer in the invalid contract is indirect and is very small is immaterial. . . . It is impossible to lay down any general rule defining the nature of the interest of a municipal officer which comes within the operation of these principles. Any direct or indirect interest in the subject matter is sufficient to taint the contract with illegality, if the interest be such as to affect the judgment and conduct of the officer either in the making of the contract or in its performance. In, general the disqualifying interest must be of a pecuniary or proprietary nature." 2 Dillon, Municipal Corporations, Sec. 773; 46 C. J., Sec. 308; 22 R. C. L., Sec. 121; State ex rel. Streif v. White (Mo. App.), 282 S. W. 147; Witmer v. Nichols, 320 Mo. 665, 8 S. W. (2d) 63; Nodaway County v. Kidder, 344 Mo. 795, 129 S. W. (2d) 857.

This basic and fundamental common law concept has been enacted into our statute law relating to county courts. Mo. R. S. A., Sec. 2491 provides that:

"No judge of any county court in the state shall, *directly or indirectly,* become a party to any contract to which such county is a party, . . ."

The next section of the statute makes the violation of the statute a misdemeanor. Mo. R. S. A., Sec. 2492.

The cases cited in the preceding paragraphs deal with instances of an official being "directly" interested in the contracts, actions or dealings with the public body of which he was a member. Here the question is whether the public official is so "indirectly" interested as a party to a transaction with a county court of which he was a member as to invalidate it. In fact the question is whether the relationship of husband and wife is a disqualifying interest within the meaning of the statute and common law prohibition against an official's becoming indirectly interested in a public contract. The two opposing lines of cases are collected in the following: 74 A. L. R. 792; 50 L. R. A. (N. S.) 1140; 6 Williston, Contracts, p. 4898.

An indirect interest may be so remote as to not avoid a bargain between an official and the public body he represents, consequently when the interest is not direct there is more reason for considering each case on its special facts. 6 Williston, Contracts, Sec. 1735; Thompson v. School Dist. No. 1, 252 Mich. 629, 233 N. W. 439.

Here the respondent urges that she purchased the land in question with her own separate funds and that under our statute her husband cannot interfere with her separate real property. Sec. 3390, R. S. Mo. 1939. But the husband is under a duty to and is liable for his wife's support (Nielsen v. Richards, 75 Cal. App. 680, 243 Pac. 697)

and in this state he is entitled to dower in his wife's real estate (Mo. R. S. A., Secs. 319, 324), either of which are pecuniary interests and disqualifying under statutes requiring such an interest even though it is indirect. Nuckols v. Lyle, 8 Idaho, 589, 70 Pac. 401; Beakley v. City of Bremerton (Wash.), 105 Pac. (2d) 40. Though the husband may have no present interest in his wife's separate estate there can be no question but that because of the relationship he does have such a beneficial interest in her property and affairs as to be "indirectly" interested in any contract to which she is a party. Clark v. Utah Construction Co., 51 Idaho, 587, 8 Pac. (2d) 454. But aside from these pecuniary reasons it is obvious, it seems to us, that a county judge's wife may not purchase real estate from the county and court of which her husband is a member acting in a quasi-judicial capacity. Though the bargain may be ever so fair it places the officer in a position which might ▮▮▮ become antagonistic to his public duty. Throop, Public Officers, Sec. 607; 22 R. C. L., Sec. 121; Goodyear v. Brown, 155 Pa. St. 514, 26 Atl. 665. Under most circumstances, if not all, it is simply against public policy for the wife of a county judge to purchase land from a county when the sale requires the vote and opinion of her husband as a member of the court passing on the transaction. Clark v. Utah Construction Co., supra; Sturr v. Elmer, 75 N. J. L. 443, 67 Atl. 1059.

▮▮ At the beginning of the proceedings the county tendered into court the sum of $100.00 for the benefit of the plaintiff. During the trial of the case the county became aware of the fact that $200.00 was the sum paid for the land and an additional $100.00 was tendered and an offer was made to return the full consideration to her. The respondent now seeks to invoke the rule applicable to suits at law and instances of laches and says that because the county failed to make a tender of the full amount due at the proper time it is not entitled to the relief asked. There can be no question but that one seeking cancellation of a deed or other instrument must offer to restore the consideration he has received, otherwise he will be in the position of acting in affirmance of the contract or if he retain the consideration too long he may be guilty of such conduct as will prevent his obtaining relief. Thompson v. Cohen, 127 Mo. 215, 29 S. W. 885; First Methodist Church v. Berryman, 303 Mo. 475, 261 S. W. 73; 62 C. J., Secs. 6-7.

But when the purpose of the action or cross-bill is cancellation it is not a condition precedent to the party's right to maintain the action that he tender into court the consideration he has received if he offers, in his petition, to make restitution or put the other party in statu quo. The condition precedent is upon the granting of the relief demanded and the court has the power to adjust the equities of the case and impose such terms as may be proper. 3 Black, Rescission and Cancellation, Sec. 625; 9 Am. Jur., Sec. 57, pp. 398-399; 12 C. J. S., Sec. 43, p.

1003. Here the county tendered additional money as soon as it was evident that more was due and its answer so states. Furthermore, the answer asks the court "for such other proper relief as the court may deem just and necessary," which is a sufficient indication of the county's willingness to make whatever restitution the court may think the case demands. Gaugh v. Gaugh, 321 Mo. 414, 11 S. W. (2d) 729; Veney v. Furth, 171 Mo. App. 678, 154 S. W. 793; Whelan v. Reilly, 61 Mo. 565; Modern Woodmen of America v. Angle, 127 Mo. App. 94, 104 S. W. 297.

The respondent filed a motion to dismiss the appeal because the appellant's brief and abstract do not comply with our Rules 13 and 15. They do not so comply but the facts necessary to a determination of the case are presented and no omission which would affect the merits of the case, especially in the view we take of it, has been pointed out and the motion is overruled.

It follows from what we have said that the finding of the trial court should have been against the plaintiff on her cause of action to quiet the title and in favor of the county on its cross-bill cancelling the deeds to the plaintiff and decreeing title to the land in question in the county subject to whatever sum may be justly due the plaintiff by way of restitution. The judgment is accordingly reversed and remanded. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by Barrett, C., is adopted as the opinion of the court. All the judges concur.