# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 03-6093WM

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Mary Jo Hixon, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | Appeal from the United States |
| Fred C. Moon, | * | Bankruptcy Court for the |
| | * | Western District of Missouri |
| Plaintiff-Appellant | * | |
| | * | |
| v. | * | |
| | * | |
| Mark R. Anderson, | * | |
| | * | |
| Defendant-Appellee, | * | |
| | * | |
| Mary Jo Hixon, | * | |
| | * | |
| Defendant-Appellee. | * | |
| | * | |

Submitted: November 10, 2004
Filed: December 10, 2004

Before KRESSEL, Chief Judge, SCHERMER and MAHONEY, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

Fred Charles Moon, trustee of the Mary Jo Hixon Chapter 7 bankruptcy estate, appeals the bankruptcy court[1] order and judgment which determined that the conveyance of Mark Anderson's residence to the Mary Jo Hixon Trust was not a valid conveyance and that the residence never became an asset of the bankruptcy estate of Mary Jo Hixon.

## Issue

The issue is whether the bankruptcy court correctly determined that Mary Jo Hixon forged the signature of Mark Anderson on a deed conveying Mark Anderson's residence to the Mary Jo Hixon Trust and whether Mark Anderson knew of the transfer, authorized the transfer, acquiesced in the transfer or benefitted from the transfer of his residence to the Mary Jo Hixon Trust.

## Standard of Review

On appeal, we review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; McGehee v. Griffin (In re Griffin), 310 B.R. 135, 137 (B.A.P. 8th Cir. 2004); Papio Keno Club, Inc. v. City of Papillion (In re Papio Keno Club, Inc.), 262 F.3d 725, 728-29 (8th Cir. 2001). A finding of fact will not be reversed as clearly erroneous unless, based on all of the evidence, the reviewing court is left with a definite and firm conviction that a mistake has been committed. Wintz v. American Freightways, Inc. (In re Wintz Cos.), 230 B.R. 840, 844 (B.A.P. 8th Cir. 1999) (citing Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 711 (8th Cir.1996)).

---

[1]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

## Background

Mark Anderson is the debtor's nephew. In 1993, Anderson was convicted of a drug offense. While Anderson was incarcerated, Hixon arranged, with Anderson's knowledge and consent, for the establishment of the Mark R. Anderson Living Trust ("Anderson Trust"). Both she and Anderson are trustees of the Anderson Trust. Anderson moved most of his assets into the Anderson Trust and granted Hixon a durable power of attorney to control the acquisition and disposal of other assets still in his name. Anderson did not at that time transfer his residence, a home located at 3327 West Lombard, Springfield, Missouri ("the Lombard House"), to the trust.

Anderson was released from prison at some point in time, then returned to prison, then left the country, and returned at sometime thereafter. The record does not reflect the exact dates of Anderson's incarceration, although there is some evidence in the record that he was incarcerated at the time of the real estate transfer described below.

On April 21, 1997, Hixon established the Mary Jo Hixon Revocable Trust ("Hixon Trust"), and transferred certain assets from the Anderson Trust to the Hixon Trust.

The Lombard House was owned by Anderson individually, and not by the trustee of the Anderson Trust, prior to the establishment of the Hixon Trust. The bankruptcy court found that Mary Jo Hixon, in her individual capacity, not as trustee of the Anderson Trust and not in a representative capacity pursuant to the grant of a power of attorney from Anderson, signed Anderson's name to a general warranty deed to the Lombard House on May 27, 1997. That warranty deed purports to transfer the Lombard House from Mark R. Anderson, a single person, to Mary Jo Hixon, trustee of the Mary Jo Hixon Revocable Trust of 1997.

3

Hixon has filed a Chapter 7 petition and Mr. Moon, the Chapter 7 trustee of the Hixon bankruptcy estate, brought this adversary proceeding seeking a declaratory judgment that the Lombard House and other assets in the Hixon Trust are assets of the bankruptcy estate. Anderson counterclaimed, arguing that the transfer of the Lombard House to the Hixon Trust is void.

## Procedural History

In a separate adversary proceeding[2], the bankruptcy court determined that certain assets in the Hixon Trust which had previously been assets of Anderson are assets of the Mary Jo Hixon bankruptcy estate. That adversary proceeding did not deal with the Lombard House. The appeal of that bankruptcy court judgment to the Court of Appeals for the Eighth Circuit had not been completed at the time this appeal was argued to this panel in May of 2004. Following the argument, we entered an order deferring ruling on the matter until final resolution of the other appeal because of the possibility that the Court of Appeals determination could have an impact on the issues in this case. The Court of Appeals filed its opinion on November 2, 2004. This panel met on November 10, 2004, and determined that this appeal is now ready for decision.

## Discussion

At trial, the trustee attempted to prove that Anderson either signed the deed himself, thereby conveying the Lombard House to the Hixon Trust, or that he knew about the deed, ratified it, and benefitted from it because the conveyance enabled him to hide the asset from his former wife, who had a tendency to execute on his property

---

[2]Moon v. Anderson (In re Hixon), Adv. Case No. 02-6052, Docket No. 60 (Order of Judgment in Favor of Plaintiff entered February 18, 2003), aff'd,, 295 B.R. 866 (B.A.P. 8th Cir. 2003), aff'd, 387 F.3d 695 (8th Cir. 2004).

4

when he became delinquent in payments ordered by the decree of dissolution of their marriage. Alternatively, the trustee suggested that the conveyance was valid because Mary Jo Hixon had been granted a power of attorney by Anderson and pursuant to the specific authority granted in the power of attorney, she had the right to deal with Anderson's property and convey it.

However, the bankruptcy court found as a fact that Mary Jo Hixon admitted signing Anderson's name as his signature on the deed. She admitted that she had not signed his name to transfer other assets, but that she generally transferred his assets by acknowledging her capacity as trustee or her capacity under the power of attorney. In addition, the court accepted the testimony of Anderson that he did not authorize the execution of the deed in his name or the conveyance of the property to the Hixon Trust.

Hixon testified that Anderson was aware of the Hixon Trust and the conveyance of the Lombard House to the Hixon Trust, and that they had discussed transferring the property back out of the Hixon Trust but had not gotten around to doing so. Anderson, on the other hand, testified that he knew nothing of the Hixon Trust until the Hixon bankruptcy case was filed and that he did not know Hixon had purported to convey his interest in the Lombard House to the Hixon Trust prior to the Hixon bankruptcy case.

Although the bankruptcy court made no specific finding with regard to the difference in testimony concerning Anderson's knowledge, we infer from the bankruptcy court's ultimate conclusion that the Lombard House did not become property of the Hixon bankruptcy estate that the bankruptcy court accepted as a fact Anderson's testimony on that subject.

We find no clear error in the bankruptcy court's determination that Hixon forged Anderson's signature to the deed and that Anderson had no knowledge of the

5

Hixon Trust or the purported conveyance. Although the evidence presented in the record could be susceptible to different interpretations, we may not hold that the bankruptcy court's chosen interpretation is clearly erroneous where there is more than one permissible view of the evidence. Moon v. Anderson (In re Hixon), 387 F.3d 695, 700 (8th Cir. 2004) (citing Ramsay v. Dowden (In re Cent. Ark. Broad. Co.), 68 F.3d 213, 215 (8th Cir. 1995) (per curiam)).

Under Missouri law, a forged deed is ineffective to convey title. Ryan v. Stubblefield, 100 S.W.2d 444 (Mo. 1936); Jamieson v. Jamieson, 912 S.W.2d 602, 605 (Mo. Ct. App. 1995); Lewis v. Barnett, 694 S.W.2d 743 (Mo. Ct. App. 1985). Although a grantor can adopt a signature made by another person, he must have knowledge of the signature and must take affirmative steps to make a ratification. Gruetzmacher v. Hainey, 373 S.W.2d 45 (Mo. 1963); Spaeth v. Larkin, 325 S.W.2d 767 (Mo. 1959). However, a deed signed in blank and later filled in with an invalid acknowledgment, and made without authority from a grantor, is void and must be set aside. West v. Witschner, 482 S.W.2d 733, 737 (Mo. 1972).

Alternatively, the appellant takes the position that Anderson, through the grant of a power of attorney to Hixon, authorized Hixon to control and transfer his property. The bankruptcy judge, however, found that Missouri law concerning the use of a power of attorney requires that if a durable power of attorney is used by an attorney-in-fact to deal with transactions affecting real estate, the durable power of attorney must be recorded.[3] Because the conveyance at issue is a real estate transaction and there was no evidence presented that either Anderson or Hixon ever recorded the durable power of attorney, the bankruptcy court found that neither Hixon nor the trustee could rely on the authority vested in the durable power of attorney to transfer the real estate held in Anderson's name to the Hixon Trust. Such a finding

---

[3]Mo. Stat. Ann. § 404.705.3 (2001).

is a conclusion of law and, upon a de novo review of such conclusion, we find that it is a correct statement of Missouri law.

## Conclusion

The bankruptcy court correctly determined that the deed purporting to convey Anderson's real property, the Lombard House, to the Hixon Trust was a forgery and was not effective to legally transfer the property to the Hixon Trust. Because it was not properly transferred to the Hixon Trust, it did not become an asset of the Hixon bankruptcy estate and remains the property of Mark R. Anderson. Accordingly, we affirm.

_____