Dear State Representative Roan:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does 47 O.S. Supp. 2005, § 956[47-956] prohibit a sheriff's secretary from owning a wrecker service?
 2. Does 47 O.S. Supp. 2005, § 956[47-956] prohibit someone who is married to the owner of a wrecker service from being employed as the sheriff's secretary?
 3. Does 47 O.S. Supp. 2005, § 956[47-956] prohibit a reserve deputy sheriff from owning a wrecker service if the deputy's only duty is to teach Drug Abuse Resistance Education ("D.A.R.E.") classes?
 4. Does 47 O.S. Supp. 2005, § 956[47-956] prohibit someone who is married to the owner of a wrecker service from serving as a reserve deputy sheriff?
To answer your questions it is necessary to review the manner in which public officers may engage privately owned wrecker services. Officers of political subdivisions of the State, including law enforcement officers, have the authority to order that vehicles be towed under certain circumstances. 47 O.S. Supp. 2005, § 955[47-955](A). As a result, sheriffs and their deputies may order a vehicle towed. Id.
The parameters for choosing a wrecker service to perform a tow are set forth at 47 O.S. Supp. 2005, § 952[47-952](C),[1] which in pertinent part provides:
 Unless otherwise regulated by the governing body of the political subdivision, the wrecker vehicle used to perform wrecker or towing services . . . shall be from the licensed wrecker or towing service whose location is nearest to the vehicle to be towed. Requests for service may be alternated or rotated among all such licensed wrecker or towing services which are located within a reasonable radius of each other. In cities of less than fifty thousand (50,000) population, all such licensed wrecker or towing services located near or in the city limits of such cities shall be considered as being equal distance and shall be called on an equal basis as nearly as possible. The police chief of any municipality and the county sheriff of each county shall keep rotation logs on all requested tows, except where there are insufficient licensed wrecker or towing services available to rotate such services or services are contracted after a competitive bid process. Rotation logs shall be made available for public inspection upon request. Any calls made from cell phones or two-way radios by any law enforcement officer or employee of any municipality or county to any wrecker service shall be listed on the rotation or call logs and made available for public inspection.
Id.
Because public officers have authority to order a tow, it is necessary to ensure they do not abuse that authority for personal gain or otherwise show favoritism when choosing a wrecker service to perform the tow. As a result, 47 O.S. Supp. 2005, § 956[47-956], cited in your questions, prohibits wrecker services from seeking or receiving preferential treatment by the employees or officers of a political subdivision. It further proscribes conflicts of interest between a political subdivision's officers and a wrecker service. Title 47 O.S. Supp. 2005, § 956[47-956] provides:
 A. No operator, employee, or contractor of a wrecker or towing service or of a person or business that derives any business or income from a wrecker or towing service shall offer, and no officer or employee of the Department of Public Safety or any political subdivision of the state shall accept, directly or indirectly, any compensation, gift, loan, favor or service given for the purpose of influencing the officer or employee in the discharge of official duties of the person.
 B. Except as provided in subsection C of this section, no officer of the Department of Public Safety or any law enforcement officer of any political subdivision of the state shall have any interest, financial or otherwise, in a wrecker or towing service, or with a person or in a business that derives business or income from a wrecker or towing service, nor shall a wrecker or towing service or a person or business that derives any business or income from a wrecker or towing service employ such officer.
 C. An officer of the Department of Public Safety or a law enforcement officer of any political subdivision may have an interest, financial or otherwise, in or may be employed by a wrecker or towing service when the sole purpose and only business of the wrecker or towing service is to perform repossessions of vehicles which are subject to lien and are being repossessed by the lien holder of record.
Id. Section 956(A) prohibits an officer or employee of a political subdivision, such as a county, from accepting, "directly or indirectly, any compensation, gift, loan, favor or service" given by an operator, employee or contractor of a wrecker service for the purpose of influencing the public official or employee in the discharge of that person's official duties. Id. Subsection (B) prohibits law enforcement or other officers of a county from being employed by or having an interest, financial or otherwise, in a wrecker or towing service.Id. However, the proscription in subsection (B) does not apply to wrecker services that do not do business with the county, but only repossess vehicles subject to a lien in private transactions. Id. § 956(C).
You first ask whether Section 956 prohibits a sheriff's secretary from owning a wrecker service. Because the sheriff's secretary is an employee and not an officer, subsection (A) of Section 956 answers your question. Section 956(A) does not prohibit an employee from owning a wrecker service per se. Rather, it prohibits the giving and/or accepting of "any compensation, gift, loan, favor or service" for the purpose of influencing decisions about which wrecker service to call. Whether such influence has occurred is a question of fact and beyond the scope of this Opinion. See 74 O.S. 2001, § 18b[74-18b](A)(5).
You next ask whether the spouse of the owner of a wrecker service can be employed as a sheriff's secretary. Again, Section 956(A) provides the answer. The analysis used in answering your first question applies to your second question as well. Section 956(A) does not prohibit the spouse of the owner of a wrecker service from being employed as the sheriff's secretary. However, it does prohibit any compensation or gift intended to influence the decision to use a particular wrecker service. Whether an illicit offer or exchange has taken place is a question of fact beyond the scope of this Opinion. See 74 O.S. 2001, § 18b[74-18b](A)(5).
Although Section 956(A) does not prohibit a sheriff's secretary from owning a wrecker service or prohibit the spouse of a wrecker service owner from being employed as the sheriff's secretary, it is prudent to avoid situations that create a greater likelihood of a conflict of interest. The Political Subdivisions Ethics Act ("Ethics Act") at 51 O.S. 2001, § 302[51-302](6) provides:
 That no officer or employee of any political subdivision of this state have any interest, financial or otherwise, direct or indirect; engage in any business transaction or professional activities; or incur any obligation of any nature that is in substantial conflict with the proper discharge of duties in the public interest[.]
Id. Moreover, the Ethics Act requires that officers and employees "observe, in their official acts, high standards of ethics regardless of personal consideration, recognizing that promoting the public interest and maintaining the respect for their government must be a foremost concern." Id. § 302(7). Public interest "requires that the law protect against any conflict of interest and establish standards for the conduct of elected officials and government employees in situations where conflicts may exist[.]" Id. § 302(1).
In your third question you ask whether a reserve deputy sheriff can own a wrecker service if the deputy's only duty is to teach D.A.R.E. classes. This question was addressed in part in Attorney General Opinion 83-30. The relevant statute then as now was Section 956(B) of Title 47. At the time the Opinion was issued in 1983, Section 956(B) provided:
 No officer of the Corporation Commission, the Department of Public Safety, or any law enforcement officer of any political subdivision of the state shall have any interest, financial or otherwise, in a wrecker or towing business operation.
Id. Attorney General Opinion 83-30 reasoned that because reserve deputies are law enforcement officers of a political subdivision, they are subject to the proscription provided for in the statute. Id. at 62. As a result, the Opinion held that no one having any interest in a wrecker business operation could also serve as a reserve deputy. Id.
Since Attorney General Opinion 83-30 was issued Section 956(B) has been amended several times. However, the language of the statute relied on by Attorney General Opinion 83-30 remains substantively the same. Indeed, the amendments to Section 956(B) have strengthened the prohibition against a conflict of interest rather than weakening it.[2] As a result, we reaffirm the holding of Attorney General Opinion 83-30. The statute prohibits a reserve deputy from having any interest, financial or otherwise, in a wrecker service. Owning a wrecker service constitutes having an interest in the wrecker service. As a result, a person may not own a wrecker service and also serve as a reserve deputy.
The analysis in Attorney General Opinion 83-30 also applies to the part of your question regarding the teaching of D.A.R.E. classes.[3] Section 956(B) prohibits any law enforcement officer of a political subdivision from having any interest in a wrecker service. The statute does not make an exception for law enforcement officers who only teach D.A.R.E. classes. As a result, Section 956(B) prohibits a reserve deputy from owning a wrecker service even if the deputy's only duty is to teach D.A.R.E. classes. However, this proscription will not apply if the wrecker service only engages in the repossession of vehicles as provided for at 47 O.S. Supp. 2005, § 956[47-956](C).
In your last question you ask whether a person married to the owner of a wrecker service can serve as a reserve deputy. Section 956(B) prohibits a law enforcement officer of a political subdivision from having any interest, financial or otherwise, "with a person or in a business that derives business or income from a wrecker or towing service." Id. (emphasis added). To answer your question, it is necessary to determine whether being married to the owner of a wrecker service constitutes having an interest, financial or otherwise, with a person who derives business or income from a wrecking service.
The issue of a public officer's interest in a spouse's business dealings has been addressed in previous Attorney General Opinions. A series of Opinions analyzed the issue in light of Article V, Section 23 of the Oklahoma Constitution, which prohibits a legislator from having an interest in a contract with the State. The proscriptive language of Article V, Section 23 is similar to that found in 47 O.S. Supp. 2005, § 956[47-956](B). Article V, Section 23 provides that no member of the Legislature, "during the term for which he shall have been elected, or within two years thereafter, [shall] be interested, directly orindirectly, in any contract with the State, or any county or other subdivision thereof, authorized by law passed during the term for which he shall have been elected." Id. (emphasis added).
Attorney General Opinion 72-292 concluded that Article V, Section23 of the Oklahoma Constitution prohibited a legislator's wife from leasing property to the Department of Corrections. Id. at 331. Similarly, Attorney General Opinion 81-129 determined that a spouse's half-ownership in a company doing business with the State was sufficient to bring the transaction within the scope of the Article V, Section 23 proscription. Id. at 227-28. Moreover, Attorney General Opinion 87-40 held that a legislator has an indirect interest in the appointment of a spouse as a tag agent in violation of Article V, Section 23 of the Oklahoma Constitution. Id. at 79. Attorney General Opinion 87-40 cited A.G. Opin. 72-292, which quoted with approval from Githers v.Butler County, 165 S.W.2d 650, 652 (Mo. 1942), saying:
 Though the husband may have no present interest in his wife's separate estate, there can be no question but that because of the relationship he does have such [a] beneficial interest in her property and affairs as to be "indirectly" interested in [any] contract to which she is a party.
Id. at 78.
As a result, a reserve deputy has at least an indirect interest in a spouse's ownership of a wrecker service due to the marriage relationship. A.G. Opin. 87-40 at 79. Therefore, unless the exception provided for at 47 O.S. Supp. 2005, § 956[47-956](C) applies, a person married to the owner of a wrecker service would be prohibited from serving as a reserve deputy.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Title 47 O.S. Supp. 2005, § 956[47-956](A) does not prohibit a sheriff's secretary from owning a wrecking or towing service. However, the Political Subdivisions Ethics Act ("Ethics Act") (51 O.S. 2001, §§ 301-325[51-301-325]) prohibits a county employee from having any interest, direct or indirect, that is in substantial conflict with the proper discharge of the employee's duties. Id. § 302(6). Whether a conflict of interest exists is a question of fact beyond the scope of this Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). It is prudent, however, to avoid situations that create a greater likelihood of a conflict of interest.
 2. Title 47 O.S. Supp. 2005, § 956[47-956](A) does not prohibit a person who is married to the owner of a wrecking or towing service from being employed as the sheriff's secretary. However, caution should be taken to avoid situations that create a greater likelihood of a conflict of interest for the same reasons as provided in the response to Question One above.
 3. Title 47 O.S. Supp. 2005, § 956[47-956](B) prohibits a reserve deputy sheriff from owning a wrecking or towing service even if the deputy's only duty is to teach Drug Abuse Resistance Education ("D.A.R.E.") classes.
 4. Title 47 O.S. Supp. 2005, § 956[47-956](B) prohibits a person married to the owner of a wrecking or towing service from serving as a reserve deputy even if the deputy's only duty is to teach Drug Abuse Resistance Education ("D.A.R.E.") classes.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRANT E. MOAK ASSISTANT ATTORNEY GENERAL
[1] Title 47 O.S. Supp. 2005, § 955[47-955](B) provides similar parameters for calling wrecker services by officers of the Department of Public Safety.
[2] In 1983 the legislature amended Section 956(B) to prohibit the owner of a wrecker service from hiring a law enforcement officer of a political subdivision. See 1983 Okla. Sess. Laws ch. 109, § 4(B). In 2002 the statute was amended to prohibit a law enforcement officer from having an interest, financial or otherwise, "with a person or in a business that derives business or income from a wrecker or towing service." 2002 Okla. Sess. Laws ch. 474, § 3(B). The 2002 amendment prohibited a person or business "that derives any business or income from a wrecker or towing service" from employing such an officer. Id.
[3] Drug Abuse Resistance Education ("D.A.R.E.") is a nation-wide program that places law enforcement officers in school classrooms to equip young people with the educational and emotional tools necessary to avoid illicit drug use. See
http://www.dare.com/home/InsideDAREAmerica/ story43fd.asp?N=InsideDAREAmerica. The national coordinating entity for D.A.R.E. is a private 501(c)(3) corporation, D.A.R.E. America. See id.